10-18-09 People v. Dennis Parker Lawyers, please approach and introduce yourself to the court. Good morning, Your Honor. It's Jessica Hunter for Dennis Parker. Good morning, Your Honor. It's Siri London on behalf of the people of the state of Illinois. Again, Jessica Hunter for Dennis Parker. May I reserve a few minutes for rebuttal? Yes. Thank you. Your Honor, the issue in this case are the minimal requirements that a pro se petitioner must meet in order to plead an arguable claim that he is, in fact, actually innocent in a post-conviction petition. The charges in this case arose from the murder of Nikita Johnson, whose body was discovered in her car near her home. The police arrested Johnson's brother and his friend, who confessed and identified another man by only the first name Dennis, as having also participated in the offense. They directed officers to speak to a heretofore unknown juvenile who could tell them who Dennis was. While this juvenile had no personal knowledge of the offense, he told officers he knew a kid named Dennis and directed officers to Parker. Parker was then arrested without a warrant, confessed, and was later convicted based on that confession. And how old was he? At the time, he was 18. He has now filed a pro se post-conviction petition asserting new evidence of actual innocence, which includes the declaration of a co-defendant who asserts that he participated, in fact, in the murder, but swears that Dennis Parker is not the Dennis who participated, and that he knew this to be so when he first saw Dennis at their arraignment, but was told to keep quiet by his public defender to avoid incriminating himself. Quick question regarding, under the facts of this case, and this may be a difficult question, but under the facts of this case, what more did the defendant have to allege to have an arguable claim of innocence, given that the only incriminating evidence against him was his confession? Because there's nobody that identifies him as taking part, and you have a person who admits that he took part, that the Parker isn't the Dennis that was involved. Nothing more. Nothing more. I mean, that is our argument, that the trial court apparently didn't recognize that Dennis Parker was raising a pro se claim of actual innocence. He made a conclusion. In his sentencing, did he tell the judge in his sentencing that he was actually innocent of the crime? He continued to protest his innocence in sentencing. Yes. And now we have, and as Justice Garcia points out, the only evidence of his guilt was his confession, was his videotaped confession. There were no occurrence witnesses, no statements of co-defendants identifying him, no DNA, no forensic evidence, really no motive. So we just have this confession. And now we have this newly discovered evidence of a person who implicates himself and says that this is not the Dennis that participated in the offense. And given the facts that led to Dennis Parker's arrest, that is a credible claim. And so the judge erred in summarily dismissing this claim because it met all the requirements for a pro se. Well, he didn't even rule on the claim. That's the problem. He didn't rule on it. It's not whether it's a good claim or not. He just didn't rule on it. It appears that he didn't even recognize that Mr. Parker was making a claim of innocence. Should we agree with you and issue a remand? Who does the case go back to? Well, presumably the case would be remanded to the judge that initially ruled on the petition, who was, in fact, also the trial judge. Although, you know, there's a question about whether or not, and the judge does make a comment that the petition doesn't even raise any claims of actual innocence or anything of the sort. So it's hard to tell whether or not it's simply that he is overlooking the claims and it's merely an advertence, or whether, you know, he recognized that this was an actual innocence claim and is just so thoroughly convinced of the defendant's guilt after having presided over his trial and watching his videotaped confession that he's unable to impartially evaluate the merits of this pro se claim at this stage. So maybe he didn't want to look at it because it wasn't notarized. That's a possibility, although the judge certainly doesn't make that statement in the record. And, of course, this Court is aware of the recent flurry of cases in the Illinois appellate courts about the notarization of affidavits, whether they be the defendant's verification affidavit or an affidavit in support of the petition pursuant to the supporting documents required of the Post-Conviction Hearing Act. Just recently, this Court in Wilborn found that the failure to notarize an affidavit in support of a petition, like the affidavit in this case, it was also a co-defendant witness in Wilborn, does not invalidate a petition at the first stage. That that requirement is something that is more appropriately suited for second stage when the state can object to a lack of notarization and the veracity of the affidavit and defense counsel can arrange to have that affidavit notarized. And in the event that counsel can't have that affidavit notarized for a variety of reasons that we can postulate, then counsel can file a motion to withdraw and the case proceeds no further than the second stage. But to reject pro se claims, especially those of actual innocence at the first stage, based on such a technical requirement, not only violates the purpose of the Post-Conviction Hearing Act, which is meant to liberally afford incarcerated individuals an opportunity to vindicate their constitutional rights, but is also in contravention of the Illinois Supreme Court's decisions in Beauclair and in Hodges which say that a petition should only be dismissed at the first stage if it is frivolous and patently without merit and that these requirements with respect to timeliness or notarization, they appear in other sections of the statute which indicates the legislature's intent that they not be basis for dismissal. Frivolous and patently without merit, as the Illinois Supreme Court in Hodges said, means no arguable basis in either law or fact, which means fanciful, delusional, fantastic factual allegations. And while we certainly do have Parker's confession and that at a later stage in the post-conviction process should be weighed against the declarations that Satterfield makes in his affidavit, it is not delusional that a young, impressionable child who is being interrogated on murder charges would falsely confess. I mean, the newspapers are replete with cases in which people are exonerated after having submitted what are seemingly thoroughly credible confessions and only later proven to have been false. So we argue that if this affidavit, if this court holds that the affidavit must be notarized as the same district did in Willborn, that that, just like in Willborn, is a consideration for the second stage. For the same reasons, not simply because the act suggests that that be so, but also because, as Henderson noted,  and so it is profoundly unfair to set forth a requirement of notarization if the state is not going to provide an opportunity to... Well, we've already decided that. That's not an important issue here, I don't believe. But this was a first stage case, and you have to prove the gist of a constitutional claim. And the affidavit by the other defendant satisfied that? Is that what you're telling me? Absolutely. I mean, despite the fact that it's not notarized, he sets forth his allegations under penalty of perjury. I mean, whether those statutes that he cites, the Illinois Civil Code and the U.S. Code, whether or not that's actually effective, he certainly believed he was subjecting himself to those kinds of penalties. And the affidavit itself is extremely detailed. I mean, more detailed than most of the affidavits, I'm sure, that come before this court. I mean, dates, times, specific people he spoke to, including the ASA who interrogated him at the police station, Why don't you save some of your time for rebuttal? Let's hear what the State has to say. Thank you. Good morning, Your Honors. May it please the Court. Again, my name is Siri London, here on behalf of the people of the State of Illinois. The people wish to initially make very, very clear that the statement purportedly signed by Satterfield, the co-defendant, is not an affidavit. Every court firmly has held that a non-notarized statement is not an affidavit. The act requires Well, didn't I say the opposite in Wilborn? Didn't my panel agree with me? I'm sorry, Your Honor. Didn't I say the opposite in the case called Wilborn, people versus Wilborn? No, Your Honors. People are very aware of this Court's decision in people versus Wilborn. And in Wilborn, it wasn't that this Court held that an affidavit doesn't need to be notarized to be valid under the act. This Court simply held that it wasn't a basis to dismiss at first-stage dismissal. Right. And isn't this a first-stage dismissal? It is, Your Honors. And we would ask So wouldn't that obligate the trial court to consider what is put in that statement by the co-defendant as well as the allegations in the petition itself before it can deem or it can rule the petition to be frivolous and patently without merit? And so the question is why weren't the statements of the co-defendant enough to overcome that hurdle? The statements of the co-defendant did not comply with the requirements of the act. The requirements of the act require the petition be attached by affidavit, record, or other evidence. Why isn't it other evidence? It clearly is not other evidence, Your Honor. It would It's a statement against penal interest, and that certainly qualifies as evidence. It would absolutely misconstrue the plain language of the act. Let's go back to Wilburn then. Didn't we rule that an unsworn statement, though it may not constitute an affidavit, is nonetheless must be considered by a circuit court judge in assessing whether a petition is frivolous or patently without merit? We would maintain that your decision in Wilburn was incorrect for many reasons. Well, has the Supreme Court taken it? Excuse me? Has the Supreme Court taken Wilburn? No, Your Honors. In fact, Wilburn was ultimately affirmed. But the decision on whether to dismiss a petition at first stage on the fact that the affidavit by a co-defendant was not notarized, this Court relied on People v. Henderson. Henderson was completely a different situation. Henderson involved notarization of the verification affidavit. Here's the question. If Wilburn is what we believe the law is, your position is that we should overrule Wilburn because otherwise Wilburn supports reversing this case? It would not support reversing this case. Why? Because... Except for your claim that Wilburn was wrongly decided, why shouldn't Wilburn support this case? For several reasons, Your Honor. First, Wilburn not only relied on Henderson, which is completely a different... No, no, no, no. You're trying to distinguish Wilburn. But it also contradicts the Illinois Supreme Court's decision... And then you're claiming that it was wrongly decided. Correct. But our decision is that it's good law, and we're going to follow that good law, and you have to give us a reason why that good law doesn't apply here as opposed to saying it's not good law. I can do that, Your Honor. But, in fact, I would wish to point out that Your Honor specifically didn't agree with that portion of Wilburn. I didn't agree with such a broad statement. I didn't agree. I agreed. I concurred in the judgment. It is very difficult to state that an affidavit, which is filed in support of the defendant's claim, which is required by the Act, and, in fact, people... The defendant had, in addition to what he presented, said, this individual is in IDOC custody. He doesn't have a notary available to him. This is all I could gather in support of my petition. Why wouldn't that be enough? That would be an explanation as to why you haven't fulfilled the requirements of 122-2. That didn't happen in this case. And, in fact, Your Honor, the defendant notarized his verification affidavit but failed to notarize his statement and failed to have the statement of co-defendant Satterfield notarized. So clearly he knew the requirements and had availability to a notary. The notary is not just a mere technicality. It has the statement made under oath and verifies to this court that the person purportedly making the statement is that person. It prevents a fraud being put on by this court. If we were to... But it's not as if he's going to get relief if he gets past the first stage. He goes to the second stage, and at the second stage, he's entitled to more resources than he had otherwise available to him. And at that point, if the statement attached to his petition by this co-defendant is, in fact, a credible statement that can be verified and the co-defendant is willing to sign it, why shouldn't we address that situation in the second stage and not dismiss it out of hand as frivolous and patently without merit? Because the fact that he... Well, first of all, to allow an invalid supporting document, which is attached to this court... But set aside your concern about the invalidity of it and focus only on the statements that are contained within the statement by a co-defendant claiming that this guy is not a dentist that was involved in the murder. Yes, but the Illinois Supreme Court, Your Honors, have required that when a petition relies on the statement of a witness, it needs to be presented by way of an affidavit. Did the Supreme Court distinguish between a witness that's out and about in society and a witness who's in custody under the confines of the Illinois Department of Corrections? Well, cases in which it's hard to say. People v. Harris, for example, where the Supreme Court specifically... Do you think it's really easy for a prisoner to get a notary? It's not a question of easy. It is the defendant's burden, and People v. Delton specifically holds that. The Illinois Supreme Court specifically held that it was the defendant's burden to support his claim by a proper supporting evidence. Well, why can't we hold him to that burden in the second stage as opposed to doing it in the first stage when his allegations can't even reach the light of day? Don't we want some of these cases where we've seen so many of innocent individuals eventually found to be innocent of their offenses from making the effort to demonstrate their innocence? The problem with that rationale, Your Honor, is this. If we allow a case to move forth to second stage based on the fact that it hasn't followed the requirements of the Act by not having supportive evidence, it is therefore frivolous and patently without merit and should be... Let me just stop you for a moment. In the first stage, you only have to prove the gist of a constitutional claim. If this was a good affidavit and it was notarized, would that not meet the gist of a constitutional claim? Just the gist of a constitutional claim. You have a second stage and you have a third stage, and this state has a history of hundreds of innocent people who have been put in prison and some of them to the electric chair because somebody didn't dot an I or cross a T. It's got to stop. Not in this case, Your Honor. Not in this case. And I'll tell you why. You know the answer here. Yes, I do. You and the Lord, you're together. Of course not. Okay. The evidence for even if we were to accept Satterfield's non-notarized statement, which every court agrees is not an affidavit, is required under the Act, it still doesn't meet the requirements of making an arguable claim of actual innocence. What's it missing? It is missing the main element, which is that it is not of such conclusive character that it would change the results on retrial. You take Satterfield's affidavit, which is made ten years after the crime, nine years after he pled guilty. But how conclusive does an arguable claim have to be? I thought it only had to be arguably conclusive. And it doesn't have to be so conclusive that we can say to a reasonable degree of certainty that a jury had heard this individual's testimony, that this is not the dentist that was involved, that it would have entered a finding of not guilty. We don't have to do that, do we? No, but that's what the standard is. That's a third-stage remedy that we're not even getting close to addressing. Exactly. In People v. Edwards, the Illinois Supreme Court found a co-defendant's affidavit, same stage, first stage. No, I'm sorry, Edwards was a successive petition. But in Edwards, the court found that a co-defendant's affidavit, and in that case it was an affidavit, was not of such conclusive nature. Well, I don't know about that. It didn't approach this affidavit. It left room for that defendant who was trying to get out of the case to be involved. He didn't say that this person wasn't there. He just said he didn't take part in the crime. And he was convicted on an accountability theory, so he could have been there and not actually taken part. I mean, here you have an affidavit or a statement from a co-defendant where there's absolutely no evidence against the defendant other than this statement. There's no physical evidence. There is no scientific evidence. There is no evidence whatsoever that Dennis Parker is the dentist that the other co-defendants talked about. It's a colorable claim of actual innocence. It's not proof beyond a reasonable doubt that he's going to be found not guilty. Is it more, basically, is it almost more likely than not this is going to be reversed if the jury, I mean, you've read the facts in this case. If a co-defendant got up and testified, I did it, this guy wasn't there, I don't know him, and maybe they can bring the public defender in or the state's attorney, and, I mean, I don't see what more, unfortunately, for the state that this person could do. We disagree, Your Honors. We must look at the extreme detail of this videotape confession. This had to be someone who not only was there but participated. His statement is so detailed as to what happened before the brutal stabbing, what happened during the stabbing, to the point where the defendant describes moving the baby, who was sleeping in bed with the defendant, to bring the baby to another co-defendant to wipe the victim's blood off. That sounds like a second-stage review where you say that there's no substantial question of... Absolutely not. ...a constitutional violation or proof of innocence. Even Hodges. Because we don't review the evidence to say, you know, there's no likelihood that he'd get any relief. We don't do that at the first stage. We simply say, we look at basically the petition and those supporting documents and say whether or not there's an arguable claim of innocence here, and I find it hard to say to the contrary. Your Honors, even in Hodges... I know you've kind of passed your time, so I'll let you sum up. Okay. Can I just make one point, that even in Hodges, the court talks that a meritless legal theory is one that is contradicted by the record. This claim is absolutely contradicted by the record, by the detailed confession from the defendant, and the physical evidence which corroborated all aspects of his confession. Your Honors, in conclusion, we would ask that you reconsider your decision in the fact that he didn't comply with the requirements of the Act, 122-2, and even if not, that he did not state an arguable claim of actual innocence. Thank you very much. Thank you. Now a very brief rebuttal. Thank you. I'd like to make two points, one about the notarization, another about the evidence in this case. The State is wrong to assert that the Act strictly requires affidavits. The statute reads that it shall have attached affidavits, records, or other evidence. And so to require affidavits exclusively would be in contravention of the plain and ordinary meaning of the statute. This Court is absolutely right to be concerned about dismissing this claim prematurely. I mean, as the Supreme Court said in Hodges, permitting a petition to go to the second stage is not a determination that the defendant is innocent, but merely that the facts and circumstances need to be scrutinized more closely. And with respect to Edwards, which opposing counsel cites, the recent Illinois Supreme Court case that was the subject of their emergency motion, it's kind of curious as to why they cited it, because Edwards, the holding of Edwards said, because it's a successive petition, which is unlike our case, the defendant must show more than Parker must show. He must show it's more likely than not he would have not been convicted. This defendant needs only to show, as your honors have noted, that it's arguable that he's actually innocent. And as Justice Lamkin points out, of course, also the merits of that petition were deemed not to meet the heightened standard because the affidavit was designed in such a way as to leave open the possibility that the defendant could have been nonetheless guilty based on a theory of accountability. And then finally, the state points out that Parker's videotaped confession is so detailed that there's no way that this new affidavit could possibly reopen a question with respect to his innocence. But I would point out that all of the details in the confession were details that were known to the officers at the time they took the confession, either through their forensic technicians, through the medical examiner, and through the previous confessions of his co-defendants who were in the same police station and being questioned at the same time. So for those reasons and for those stated in our brief, we would ask that this Court reverse the trial courts and remand for second stage proceedings. Thank you. Thank you very much for a very excellent presentation by both of you, and we'll take the case under advisement that the Court is adjourned.